# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

CHARLES C. CARELLA
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)
ELLIOT M. OLSTEIN (1939-2014)
BRENDAN T. BYRNE (1924-2018)

JAMES T. BYERS
DONALD F. MICELI
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
MICHAEL CROSS
STEPHEN R. DANEK
MICHAEL A. INNES

5 BECKER FARM ROAD
ROSELAND, N.J.  07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

PETER G. STEWART
FRANCIS C. HAND
AVRAM S. EULE
JAMES A. O'BRIEN  III
JOHN G. ESMERADO
GREGORY G. MAROTTA
STEVEN G. TYSON

OF COUNSEL

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
+MEMBER FL BAR ONLY

RAYMOND J. LILLIE
MEGAN A. NATALE
CHRISTOPHER J. BUGGY
JOHN V. KELLY III
JOHN P. PETROZZINO
CHIRALI V. PATEL

March 15, 2021

By ECF
The Honorable Kevin McNulty, U.S.D.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
Court Room: PO 04
50 Walnut Street
Newark, NJ 07102

   Re: *Kornecki v. Airbus SE, et al.*,
     No. 2:20-cv-10084-KM-JBC

Dear Judge McNulty:

  Together with Lead Counsel Robbins Geller Rudman & Dowd LLP, we represent Lead Plaintiff Operating Engineers Construction Industry and Miscellaneous Pension Fund ("Lead Plaintiff" or the "Pension Fund"). Lead Plaintiff respectfully requests an extension under Rule 4(f)(1) of the Federal Rules of Civil Procedure to serve Airbus SE ("Airbus" or the "Company"), Guillaume M.J.D. Faury, Tom Enders, Dominik Asam, and Harald Wilhelm ("Individual Defendants") (collectively, the "Airbus Defendants") through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 68 U.N.T.S. 163, until March 15, 2022.

**I. Background**

  On August 6, 2020, Andrew J. Kornecki ("Plaintiff Kornecki") filed the initial complaint on behalf of persons or entities who purchased or otherwise acquired Airbus SE securities in the United States between February 24, 2016 and July 30, 2020.  ECF No. 1.  Three months later,  the Pension Fund moved for appointment as Lead Plaintiff under the PSLRA..  ECF No. 10.  Last month, this Court granted the Pension Fund's motion.  ECF No. 20.

  Since filing his complaint, Plaintiff Kornecki and his counsel Pomerantz LLP ("Pomerantz") have attempted to serve the Airbus Defendants.  For example, Pomerantz sent the complaint and a summons via registered agent CT Corporation System addressed to all Airbus Defendants. On September 21, 2020, CT Corporation System notified Pomerantz that it is not the

registered agent for Defendant Guillaume M.J.D. Faury.  Ex. 2.  The next day CT Corporation System notified Pomerantz that it is not the registered agent for Defendants Harald Wilhelm, Tom Enders, and Dominik Asam, that Defendant Airbus SE was not listed in the records for the state of New York, and that it was unable to forward the case initiation papers to Defendant Airbus SE.  Ex. 1, 3-5.  Ten days later, Pomerantz sent case initiation papers via USPS to JP Morgan Chase Bank, N.A., ADR Department and Scott Ziegler of Ziegler, Ziegler & Associates, LLP. Exs. 7-9.

Because the Pension Fund was only recently appointed Lead Plaintiff in this case, The Pension is exercising good faith and diligence in requesting an extension of time to effectuate service.  Accordingly, Lead Plaintiff respectfully requests that the Court extend the time to serve the Airbus Defendants under Rule 4.

## II.     The Rule 4 Service Deadline Should Be Extended

The determination of whether to extend the time for service involves a two-step inquiry. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).[1]  "The district court first determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted." *Boley*, 123 F.3d at 758.  "If good cause does not exist, the district court must consider whether to grant a discretionary extension of time." *Id*.  Here, good cause supports an extension of time.

### A.     Good Cause Exists for Extending the Time for Service

Lead Plaintiff has good cause for seeking an extension of time for service.  The Third Circuit has equated "good cause" with the concept of "excusable neglect" of Federal Rule of Civil Procedure 6(b)(2), which requires "'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (citing *Petrucelli*, 46 F.3d at 1312) (J. Becker, concurring in part, and dissenting in part).  When a court determines whether good cause exists, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI*, 71 F.3d at 1097. "An extension of time may be appropriate even if the plaintiff's delay was inexcusable." *Hunsberger v. Original Fudge Kitchen*, No. 18-15177-RBK-KMW, 2020 WL 859305, at *2 (Feb. 21, 2020).

Importantly, Lead Plaintiff is not in noncompliance with any time limit prescribed by any of the Federal Rules of Civil Procedure because there is no time limit for service on a foreign defendant.  The 90-day service time limit imposed by Rule 4(m) "does not apply to service in a foreign country under Rule 4(f)."  Fed. R. Civ. P. 4(m).  In fact, "there is no requirement in the Federal Rules of Civil Procedure that a foreign corporation be served within a particular time.  Nor has the Third Circuit Court of Appeals imposed such a requirement." *Wildcat Licensing WI LLC v. Audi AG and Volkswagen AG*, No. 19-833-MN-JLH, 2020 U.S. Dist. LEXIS 178520, at *6-*7 (D. Del. Sep. 29, 2020).  Nonetheless, recognizing that the time for service is not unlimited, Lead

---

[1] All citations and footnotes omitted and emphasis added unless otherwise indicated.

March 15, 2021
Page | 3

Plaintiff proactively requests that this Court grant a reasonable amount of time to serve the initial complaint pursuant to the Hague Convention, which is a longer, more costly, and more complicated process than effecting service within the United States.  On that basis alone, good cause exists for the requested extension.

Notably, as detailed above, Plaintiff Kornecki and his counsel diligently undertook several attempts to serve the Airbus Defendants.[2]  Plaintiff Kornecki's counsel attempted to serve the Airbus Defendants via the CT Corporation System.  Exs. 1-5. They also sent a copy of the complaint and summons via USPS to those associated with Airbus SE on registration documents filed with the United States Securities and Exchange Commission. Exs. 6-9.  While their diligence did not result in successful service, it displays some of the challenges that Lead Plaintiff must overcome and further supports a finding of good cause.

These factors support finding good cause for Lead Plaintiff's request to extend the time to serve the Airbus Defendants.

    **B.**    **The Court May Exercise Its Discretion in Extending the Time for Service**

If this Court finds that good cause does not support an extension, the Court can still "consider whether to grant a discretionary extension of time." *Hunsberger*, 2020 WL 859305, at *1 (citing *Boley*, 123 F.3d at 756).  "A district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint." *Chiang v. U. S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (citing *Boley*, 123 F.3d at 759).  On top of the good cause shown above, these factors also warrant an extension of the time for service.  The statute of limitations on the claims at issue have not expired. Lead Plaintiff and Lead Counsel now represent the putative class following their appointment last month.  Finally, granting Lead Plaintiff's requested extension will not prejudice the Airbus Defendants.

Moreover, other factors and obstacles support an extension. Airbus SE is headquartered in the Netherlands.  The Airbus Defendants are believed to be located throughout France.  The Hague Convention also requires translation and other procedures for service that can take months to complete ordinarily and which are likely more cumbersome due to COVID complications.

---

[2] Because Lead Plaintiff did not file the initial complaint, Lead Plaintiff could not serve the Airbus Defendants.  Lead Plaintiff is now making a good faith and reasonable effort to complete service, including engaging experienced professionals, to comply with The Hague Convention's service requirements.  *See id.* at *7 (where plaintiff has not started service process within 90-day period set forth in Rule 4(m), plaintiff must otherwise show diligence).

March 15, 2021
Page | 4

### III.     Conclusion

For all these reasons, Lead Plaintiff requests that the Court grant an extension to serve the Airbus Defendants through March 15, 2022.  If Lead Plaintiff's request for an extension is acceptable to the Court, we kindly ask that you "so order" this letter.

Thank you for your consideration of this request.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ James E. Cecchi
JAMES E. CECCHI


**Extension granted to March 15, 2022.**

**SO ORDERED**

**s/Kevin McNulty**
**Hon. Kevin McNulty**
**U.S. District Judge**
**Date: 3/16/2021**