CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Liaison Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW J. KORNECKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AIRBUS SE, et al.,<br><br>Defendants. | No. 2:20-cv-10084-KM-JBC<br><br>CLASS ACTION<br><br>**AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT** |

This Amended Stipulation of Settlement, dated June 7, 2022 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in §III hereof) to the above-entitled Litigation, and amends the Parties' May 20, 2022, Stipulation and Agreement of Settlement: (i) Lead Plaintiff Operating Engineers Construction Industry and Miscellaneous Pension Fund ("Pension Fund," "Plaintiff," or "Lead Plaintiff"), on behalf of itself and others similarly situated Class Members, by and through its counsel of record in the Litigation; and (ii) Defendant Airbus SE ("Airbus" or the "Company"), and Defendants Guillaume M.J.D. Faury, Tom Enders, Dominik Asam, and Harald Wilhelm ("Individual Defendants" and collectively with Airbus, "Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms as set forth herein and in ¶¶1.1-1.43 hereof entitled "Definitions."

## I. THE LITIGATION

On August 6, 2020, a securities class action, captioned *Kornecki v. Airbus SE, et al.*, Case No. 2:20-cv-10084-KM-JBC (the "Litigation"), was brought on behalf of investors in Airbus American Depository Receipts ("ADRs") and foreign ordinary

shares ("foreign ordinaries") in the United States District Court for the District of New Jersey (the "Court").

On February 19, 2021, the Court entered an Order that, among other things, appointed the Pension Fund as Lead Plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4 *et seq.*; approved the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the class; and ordered that any subsequently filed, removed, or transferred actions related to the claims asserted in the Litigation be consolidated into the Litigation (ECF 20).

The operative complaint is the Class Action Complaint (the "Complaint"), filed on August 6, 2020, which alleges violations of §§10(b) and 20(a) of the Exchange Act on behalf of a class of all purchasers of Airbus Securities in the United States between February 24, 2016, and July 30, 2020, inclusive. As set forth in the Complaint, the Company's ADRs trade in the U.S. on the over-the-counter market (the "OTC") under the ticker symbol "EADSY," and the Company's foreign ordinaries trade in the U.S. on the OTC market under the ticker symbol "EADSF." Among other things, the Complaint alleges violations of the Exchange Act premised on alleged false and misleading statements that allegedly artificially inflated the price of Airbus Securities traded in the U.S.

On or about March 28, 2022, the Parties reached an agreement in principle to resolve the Litigation, including the Parties' agreement to settle and release all claims against all Defendants in return for a payment made by or caused to be made by Airbus of $5,000,000 in cash for the benefit of the Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

## II. LEAD PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through discovery, summary judgment, and trial (and any possible appeals). Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Lead Counsel and Lead Plaintiff are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Litigation. Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Class and is in the best interests of the Class.

## III. DEFENDANTS' DENIALS OF LIABILITY

Defendants, individually and collectively, have denied and continue to deny each and all of the claims, contentions alleged in the Litigation, and charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been made by Lead Plaintiff in the Litigation. They have expressly denied and continue to deny that they have violated the federal securities laws or any other laws, or have otherwise misled investors as alleged in the Litigation. Defendants have denied and continue to deny the allegations that any of the Defendants made any material misstatements or omissions or engaged in any fraudulent scheme, and that any member of the Class has suffered damages resulting from the conduct alleged in the Litigation. In addition, Defendants maintain that they have meritorious defenses to the claims alleged in the Litigation.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted, burdensome, and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also considered the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that

the Litigation be fully, finally, and forever resolved, discharged, and settled in the manner and upon the terms and conditions set forth in this Stipulation.

NOW THEREFORE, without any concession by Lead Plaintiff that the Litigation lacks merit, and without any concession by Defendants of any liability or wrongdoing or truth as to Lead Plaintiff's allegations or lack of merit in Defendants' defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation ("Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims (including Unknown Claims) and all Released Defendants' Claims (including Unknown Claims), as against all Released Parties and Lead Plaintiff, Class Members, and their counsel, employees, successors and assigns, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the following terms and conditions.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### 1. Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3 "Claims Administrator" means the firm of Gilardi & Co. LLC. Defendants shall have no involvement in the retention of the Claims Administrator or any other claims administrator.

1.4 "Class," "Class Members," "Settlement Class," or "Members of the Class" means all Persons who purchased or otherwise acquired Airbus Securities in the United States under the ticker symbols "EADSY" and "EADSF" from February 24, 2016 through July 30, 2020, inclusive, and were allegedly damaged thereby. Excluded from the Class are: (i) Defendants, (ii) the current and Class Period officers and directors of the Company, (iii) members of the immediate families of the Individual Defendants, and (iv) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

1.5 "Class Period" means the period between February 24, 2016 and July 30, 2020, inclusive.

1.6 "Complaint" means the Class Action Complaint, filed in the Litigation on August 6, 2020.

1.7 "Court" means the United States District Court for the District of New Jersey.

1.8 "Defendants" means Airbus and the Individual Defendants.

1.9 "Defendants' Counsel" means the law firms of Paul Hastings LLP and Debevoise & Plimpton LLP.

1.10 "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶8.1, below.

1.11 "Escrow Account" means the separate escrow interest-bearing account designated and controlled by Lead Counsel, as Escrow Agent, into which the Settlement Amount will be deposited for the benefit of the Class.

1.12 "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP, or its successor(s).

1.13 "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and litigation expenses, and any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) of the PSLRA in connection with its representation of the Class.

1.14 "Fee and Expense Award" shall have the meaning set forth in ¶6.3(c) of this Stipulation.

1.15 "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of certiorari, or other proceeding involving writs of certiorari or mandamus, and any other proceedings of like kind. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

1.16 "Judgment" means the judgment to be entered by the Court approving the Settlement, in the form attached hereto as Exhibit B, or such other substantially similar form mutually agreed to by the Settling Parties.

1.17 "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

1.18 "Lead Plaintiff" or "Plaintiff" means Operating Engineers Construction Industry and Miscellaneous Pension Fund.

1.19 "Liaison Counsel" means Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.

1.20 "Litigation" shall have the meaning set forth in §I of this Stipulation.

1.21 "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses and any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); (ii) Notice and Administrative Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.22 "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members, which shall be substantially in the form attached hereto as Exhibit A-1.

1.23 "Notice Order" means the proposed Order Preliminarily Approving Settlement and Providing for Notice, substantially in the form attached hereto as Exhibit A.

1.24 "Person" means a natural person, individual, corporation (including all divisions and subsidiaries), general partnership, limited partnership, domestic partnership, marital community, association, joint stock company, joint venture, professional corporation, estate, legal representative, trust, unincorporated

association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.25 "Plaintiff's Counsel" means Lead Counsel and Liaison Counsel.

1.26 "Plan of Allocation" means the plan for allocating the Net Settlement Fund as set forth in the Notice, or such other plan of allocation as the Court may approve.

1.27 "Proof of Claim" means the Proof of Claim and Release form for submitting a claim, which shall be substantially in the form attached hereto as Exhibit A-2.

1.28 "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant

and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

1.29 "Released Claims" means all claims, rights, liabilities, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined in ¶1.43 hereof), rights, demands, liabilities or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), to the fullest extent that the law permits their release in this Litigation, by or on behalf of Lead Plaintiff or any other Class Members against any of the Released Parties that have been alleged or could have been alleged in this Litigation (or in any forum or proceeding or otherwise), whether based on federal, state, local, statutory, or common or foreign law, or any other law, rule, or regulation, whether known claims or Unknown Claims, whether class, representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, that are based on, relate to, or arise out of both (i) the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that have been or could have been alleged or asserted in the Litigation, and (ii) Lead Plaintiff's or any other Class Member's purchase of Airbus Securities in the United

States during the Class Period. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

1.30 "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Plaintiff's Counsel and Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation, except for claims relating to the enforcement of the Settlement.

1.31 "Released Parties" means each and all of the Defendants, and each and all of their respective Related Parties.

1.32 "Securities" or "Airbus Securities" means the Company's ADRs that traded in the U.S. on the OTC market under the ticker symbol "EADSY," and the Company's foreign ordinaries that traded in the U.S. on the OTC market under the ticker symbol "EADSF."

1.33 "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of the Stipulation.

1.34 "Settlement Amount" means five million U.S. dollars ($5,000,000).

1.35 "Settlement Fund" means the Settlement Amount, plus any accrued interest earned thereon.

1.36 "Settlement Hearing" means the hearing to be held by the Court to determine whether: (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses should be approved.

1.37 "Settling Parties" means, collectively, Lead Plaintiff, on behalf of itself and each of the Class Members, and the Defendants.

1.38 "Stipulation" means this Stipulation of Settlement, including the recitals and Exhibits hereto.

1.39 "Summary Notice" means the Summary Notice for publication, which shall be substantially in the form attached hereto as Exhibit A-3.

1.40 "Supplemental Agreement" shall have the meaning set forth in ¶8.4 of this Stipulation.

1.41 "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund.

1.42 "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.9 hereof.

1.43 "Unknown Claims" means collectively any Released Claims that Lead Plaintiff or any other Class Members does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement. "Unknown Claims" also means any Released Defendants' Claims that Defendants do not know or suspect to exist in their favor at the time of the release of the Released Plaintiff Parties, including Plaintiff's Counsel and Class Members, which if known by them, might have affected their settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Plaintiff Parties. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or

any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and Class Members shall be deemed by operation of law (including

by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

**2. The Settlement**

**a. The Settlement Fund**

2.1 In full settlement of the Released Claims, Airbus shall cause the Settlement Amount to be transferred to an account controlled by the Escrow Agent no later than ten (10) calendar days after the later of: (a) entry of the Notice Order; or (b) the provision to Defendants of information necessary to effectuate a payment of funds, including without limitation the beneficiary account name, the U.S. bank name, address, account number and ABA bank code (*i.e.*, routing number), the payment reference, a completed W-9 form for the payee, and payee instructions for payment by check (the later of the foregoing (a) and (b) being hereinafter referred to as the "Payment Date"). These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

2.2 If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date, Lead Counsel may terminate the Settlement but only if: (i) Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

2.3 The payment described in ¶2.1 is the only payment to be made by Airbus or on behalf of the Defendants in connection with this Settlement.

**b. The Escrow Agent**

2.4 The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Settlement Fund shall bear all costs and risks related to the investments of the Settlement Amount.

2.5 The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in this Stipulation; (b) by an order of the Court: or (c) with the written agreement of Lead Counsel and Defendants' Counsel.

2.6 Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation. The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.7 All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the

Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.8 Prior to the Effective Date and without further order of the Court, up to $400,000 of the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, administering and preparations for distributing the Net Settlement Fund to Authorized Claimants, and processing Proofs of Claim ("Notice and Administrative Expenses"). Defendants are not responsible for, and shall not be liable for, any costs incurred in connection with the Notice and Administrative Expenses. After the Effective Date, Lead Counsel may pay all further reasonable Notice and Administrative Expenses, regardless of amount, without further order of the Court.

**c. Taxes**

2.9 (a) The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the

responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.9(a) hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) hereof.

(c) All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) Tax Expenses shall be paid out of the Settlement Fund; in no event shall the Released Parties have any responsibility

for, or liability whatsoever with respect to, the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); the Released Parties are not responsible therefor nor shall they have any liability with respect thereto. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(d) Except as required by ¶2.1 concerning payment of the Settlement Amount and subject to ¶¶2.10 and 6.1 below, the Released Parties are not responsible for Taxes, Tax Expenses, costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, or paying escrow fees and costs, nor shall they be liable for any claims with respect thereto.

**d. Termination of the Settlement**

2.10 In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Stipulation is not approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less (i) Notice and Administrative Expenses actually incurred or due and owing, and (ii) Taxes or Tax Expenses pursuant to ¶¶2.8-2.9 hereof actually incurred or due and owing, shall be refunded to such Persons that paid the Settlement Amount pursuant to written instructions from Airbus' counsel to the party, parties, or insurers that paid the Settlement Amount within ten (10) business days from the date of the notice from counsel for Defendants pursuant to ¶9.16.

**3. Certification of the Class**

3.1 Solely for purposes of this Settlement, and subject to approval by the Court, the Settling Parties agree that the Class shall be certified and Lead Plaintiff and Lead Counsel shall be appointed as representatives of the Class pursuant to Federal Rule of Civil Procedure 23. Should the Class not be certified, or should any court amend the scope of the Class, each of the Settling Parties reserves the right to void this Stipulation in accordance with ¶8.3 hereof.

**4. Notice Order and Settlement Hearing**

4.1 Promptly after execution of the Stipulation, Lead Counsel shall promptly submit the Stipulation together with its exhibits (the "Exhibits") to the

Court and shall apply for entry of the Notice Order, in the form of Exhibit A attached hereto, or such other substantially similar form mutually agreed to by the Settling Parties, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, certification of the Class and appointment of Lead Counsel as counsel for the Class for settlement purposes only, and approval for mailing of the Notice and publication of the Summary Notice, in the forms of Exhibits A-1 and A-3, respectively, attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

4.2 Airbus shall no later than ten (10) calendar days following the filing of this Stipulation with the Court serve or cause to be served proper notice of the proposed Settlement upon those who are entitled to receive notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* ("CAFA"). Airbus is solely responsible for the costs of the CAFA notice and administering the CAFA notice.

4.3 Lead Counsel shall request that, after notice is given to the Class, the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**5. Releases**

5.1 Upon the Effective Date, without any further action by anyone, Lead Plaintiff, and each of the Class Members (who have not validly opted out of the Class), on behalf of themselves, and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of the law and of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice any and all Released Claims (including, without limitation, Unknown Claims) against the Released Parties (whether or not such Class Member executes and delivers a Proof of Claim). The releases and waivers contained in this section were separately bargained for and are essential elements of this Stipulation and the Settlement.

5.2 The Proof of Claim to be executed by Class Members shall release all Released Claims against the Released Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto, or such other substantially similar form mutually agreed to by Lead Counsel and Defendants' Counsel. However, the failure of a Class Member to submit such Proof of Claim shall have no effect on the provisions of ¶¶5.1 and 5.3, inclusive, which shall remain in full force and effect as

to each of the Class Members (who have not validly opted out of the Class) irrespective of any lack of submission of a Proof of Claim.

5.3 Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not validly opted out of the Class) and anyone claiming through or on behalf of any of them, shall be permanently and forever barred and enjoined from commencing, maintaining, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, and each of them. The Court shall retain exclusive jurisdiction to interpret and enforce the permanent injunction described in this paragraph.

5.4 Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the law and of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, Class Members, and their counsel, employees, successors and assigns from all Released Defendants' Claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of: (i) the Litigation, or (ii) the Released Claims.

## 6. Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

6.1 The Claims Administrator shall provide Notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and

shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The Claims Administrator will be subject to such supervision and direction from the Court and/or Lead Counsel as may be necessary or as circumstances may require. The Released Parties shall have no responsibility for or interest whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Lead Plaintiff, Class Members, or Plaintiff's Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

6.2 In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim, substantially in the form of Exhibit A-2 attached hereto,

to be mailed by the Claims Administrator to all shareholders of record, or nominees. The Notice and Proof of Claim shall also be posted on the Settlement website. In accordance with the schedule set forth in the Notice Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over a national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

6.3 The Settlement Fund shall be applied as follows:

(a) to pay all Notice and Administrative Expenses;

(b) to pay the Taxes and Tax Expenses described in ¶2.9 hereof;

(c) to pay Plaintiff's Counsel's attorneys' fees and expenses (the "Fee and Expense Award"), and any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court; and

(d) after the Effective Date, to distribute the balance of Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.4 Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶6.5-6.16 below.

6.5 Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

6.6 Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Parties concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims, so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion.

6.7 Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to the review by the Court pursuant to ¶6.8 below.

6.8 Proofs of Claim that do not meet the submission requirement may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶6.9 below.

6.9 If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency, desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the mailing of the notice required in ¶6.8 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds

for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

6.10 Each Claimant who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's claim. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or the Settlement. All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment. All Class Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

6.11 Following the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.

6.12 Defendants shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00. These redistributions shall be repeated so long as they are economically feasible. Any balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate shall be donated to an appropriate, non-profit, charitable organization serving the public interest, selected by Lead Counsel.

6.13 This Settlement is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to Airbus or its insurers. The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination,

administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

6.14 Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

6.15 No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Released Parties, the Claims Administrator or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court. This does not include any claim by any party for breach of this Stipulation.

6.16 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein (including the releases contained herein), or any other orders entered pursuant to this Stipulation. Class Members and Defendants shall be bound by the

terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

**7. Plaintiff's Counsel's Fees and Expenses**

7.1 Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund of: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. Any and all such fees, expenses and costs awarded by the Court shall be payable solely out of the Settlement Fund. In addition, Lead Plaintiff may submit an application for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class. Lead Counsel reserves the right to make additional applications for distributions from the Settlement Fund for fees and expenses incurred.

7.2 The Fee and Expense Award, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. Lead Counsel may thereafter allocate the Fee and Expense Award among counsel for Plaintiff in a manner in which it in good faith believes reflects the contributions of such counsel to the

institution, prosecution, and resolution of the Litigation. Any such awards shall be paid solely by the Settlement Fund.

7.3 In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified by final non-appealable order, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall be obligated, within ten (10) business days from receiving notice from Airbus' counsel or from a court of appropriate jurisdiction, to refund to the Settlement Fund the fees and expenses previously paid to Lead Counsel from the Settlement Fund plus the interest earned thereon in an amount consistent with such reversal or modification. Lead Counsel, as a condition of receiving the Fee and Expense Award, agrees that the law firms and its respective partners are subject to the jurisdiction of the Court for the purpose of enforcing this provision, and are severally liable and responsible for any required repayment.

7.4 The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, with all amounts to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from

any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth herein (including the releases contained herein).

7.5 The Released Parties shall have no responsibility for or liability with respect to the payment of any Fee and Expense Award to Plaintiff's Counsel or any Class Member's counsel or any amount to Lead Plaintiff (apart from payment of the Settlement Amount pursuant to ¶2.1), or with respect to the allocation among Plaintiff's Counsel, and/or any other Person who may assert some claim thereto.

**8. Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

8.1 The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

(a) execution of the Stipulation and such other documents as may be required to obtain Final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b) the Court has entered the Notice Order, substantially in the form of Exhibit A hereto, as required by ¶4.1 hereof;

(c) the Settlement Amount has been deposited into the Escrow Account maintained by the Escrow Agent;

(d) Airbus has not exercised the option to terminate the Stipulation pursuant to ¶¶8.3-8.4 hereof;

(e) the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Litigation, as to the Lead Plaintiff and other Class Members, and as against each of the Defendants, as set forth above, and as reflected in the form of Exhibit B attached hereto, or such other substantially similar form mutually agreed to by the Settling Parties; and

(f) the Judgment has become Final, as defined in ¶1.15 hereof.

8.2 Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶¶8.5-8.7 hereof unless Lead Counsel and counsel for Defendants on behalf of their respective clients mutually agree in writing to proceed with the Stipulation.

8.3 The Lead Plaintiff and each of the Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (a) the Court's denial of the request to enter the Notice Order; (b) the Court's denial of the request to approve the Settlement; (c) the Court's denial of

the request to enter the Judgment; (d) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; or (e) the failure of the Effective Date to occur for any reason.

8.4 Airbus shall have the option to terminate the Settlement in the event that Persons who purchased more than a specified number of Airbus Securities during the Class Period choose to exclude themselves from the Class ("Opt-Out Threshold"), as set forth in a separate agreement (the "Supplemental Agreement") between Lead Plaintiff and Defendants, which is incorporated by reference into this Stipulation. The Settling Parties shall not file the Supplemental Agreement with the Court unless instructed to do so by the Court. The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible to maintain the Opt-Out Threshold as confidential consistent with the practices of the Court.

8.5 Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, then within ten (10) business days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses and costs reasonably and actually incurred pursuant to ¶2.8 and/or ¶2.9 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from

counsel for Airbus. At the request of Airbus' counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written direction from Airbus' counsel or insurers that paid the Settlement Amount.

8.6 In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of March 15, 2022. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.8-2.10, 8.3, 8.5-8.7, 9.4-9.6 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order, including any order related to class certification, entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of March 15, 2022. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall constitute grounds for cancellation or termination of the Stipulation.

8.7 If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiff nor Lead Counsel shall have any

obligation to repay any amounts actually and properly disbursed for Notice and Administrative Expenses and Taxes and Tax Expenses pursuant to ¶¶2.8-2.9 hereof. In addition, any expenses already incurred and properly chargeable pursuant to ¶2.8 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.10 and 8.5 hereof.

**9. Miscellaneous Provisions**

9.1 The Settling Parties (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2 The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties and their counsel agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the Judgment will contain a statement that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil

Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's-length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3 Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal or administrative proceeding in any court, administrative agency, proceeding or other forum or tribunal. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement,

judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

9.4 The Released Parties are intended third-party beneficiaries of this Stipulation, and this Stipulation may be enforced by such Persons.

9.5 Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

9.6 All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation, pursuant to their terms.

9.7 All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.8 This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.9 This Stipulation shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Litigation, and as more fully described herein. If any provision of this Stipulation shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

9.10 The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.11 No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest. No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

9.12 The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any Settling Party concerning the Stipulation or its exhibits or the Supplemental Agreement other than

the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Settling Party shall bear its own costs.

9.13 Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof; provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

9.14 Lead Counsel, on behalf of the Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class that they deem appropriate.

9.15 Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so.

9.16 All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by UPS (charges prepaid); or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Lead Plaintiff or to Lead Plaintiff's Counsel:

Brian O. O'Mara
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
bomara@rgrdlaw.com

If to Defendants Airbus, Guillaume M.J.D. Faury, Tom Enders, or Dominik Asam, or Airbus's or Guillaume M.J.D. Faury, Tom Enders, or Dominik Asam's Counsel:

D. Scott Carlton
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
scottcarlton@paulhastings.com

If to Defendant Harald Wilhelm or Harald Wilhelm's Counsel:

Andrew M. Levine
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
amlevine@debevoise.com

9.17 The Stipulation may be executed in one or more counterparts, including by signature transmitted by email in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

9.18 The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

9.19 Subject to entry of the Judgment, substantially in the form of Exhibit B hereto, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.20 The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New Jersey, and the rights and obligations of the Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to that State's choice-of-law principles.

9.21 Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

9.22 Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated June 7, 2022.

DATED: June 7, 2022

ROBBINS GELLER RUDMAN
& DOWD LLP
ARTHUR C. LEAHY (admitted *pro hac vice*)
BRIAN O. O'MARA (admitted *pro hac vice*)
STEVEN M. JODLOWSKI (admitted *pro hac vice*)

s/ Brian O. O'Mara
BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
artl@rgrdlaw.com
bomara@rgrdlaw.com
sjodlowski@rgrdlaw.com

Lead Counsel for Lead Plaintiff

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Liaison Counsel for Lead Plaintiff

DATED: June 7, 2022 PAUL HASTINGS LLP

s/ Chad J. Peterman

CHAD J. PETERMAN

CHAD J. PETERMAN
BARRY G. SHER (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: 212/318-6000
212/319-4090 (fax)
chadpeterman@paulhastings.com
barrysher@paulhastings.com

ROBERT D. LUSKIN (admitted *pro hac vice*)
NATHANIEL B. EDMONDS (admitted *pro hac vice*)
2050 M Street NW
Washington, DC 20036
Telephone: 202/551-1705
202/551-1700 (fax)
robertluskin@paulhastings.com
nathanieledmonds@paulhastings.com

D. SCOTT CARLTON (admitted *pro hac vice*)
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone: 213/683-6000
213/627-0705 (fax)
scottcarlton@paulhastings.com

Attorneys for Defendant AIRBUS SE, GUILLAUME M.J.D. FAURY, and TOM ENDERS, DOMINIK ASAM

DATED: June 7, 2022

DEBEVOISE & PLIMPTON LLP

s/ Matthew J. Petrozziello

MATTHEW J. PETROZZIELLO

ANDREW M. LEVINE (admitted *pro hac vice*)
MATTHEW J. PETROZZIELLO
919 Third Avenue
New York, NY 10022
212/909-6069 (Levine)
212/909-6854 (Petrozziello)
212/909-6836 (facsimile)
amlevine@debevoise.com
mjpetrozziello@debevoise.com

STEPHAN J. SCHLEGELMILCH (admitted *pro hac vice*)
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
202/383-8154 (Schlegelmilch)
sjschlegelmilch@debevoise.com

Attorneys for Defendant HARALD WILHELM

# EXHIBIT A

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Liaison Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW J. KORNECKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AIRBUS SE, et al.,<br><br>Defendants. | No. 2:20-cv-10084-KM-JBC<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>EXHIBIT A |

WHEREAS, an action is pending before this Court entitled *Kornecki v. Airbus SE, et al.*, Case No. 2:20-cv-10084-KM-JBC (D.N.J.) (the "Litigation");

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Amended Stipulation and Agreement of Settlement dated June 7, 2022 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Court preliminarily finds that:

(a) the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel;

(b) the proposed Settlement eliminates risks to the Settling Parties of continued litigation;

(c) the Settlement does not provide undue preferential treatment to Lead Plaintiff or to segments of the Class;

(d) the Settlement does not provide excessive compensation to counsel for Lead Plaintiff; and

(e) the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable and adequate to warrant providing notice of the Settlement to the Class; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired Airbus Securities in the United States as ADRs and foreign ordinaries under the ticker symbols "EADSY" and "EADSF," between February 24, 2016, and July 30, 2020, inclusive, and were allegedly damaged thereby. Excluded from the Class are: (i) Defendants, (ii) the current and Class Period officers and directors of the Company, (iii) members of the immediate families of the Individual Defendants, and (iv) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, and any entity in which such excluded persons have or had a controlling interest.

3. Also excluded from the Class is any Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.

4. The Court finds, for the purposes of effectuating the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Operating Engineers Construction

Industry and Miscellaneous Pension Fund is preliminarily certified as the class representative and Lead Counsel Robbins Geller Rudman & Dowd LLP is preliminarily certified as class counsel.

6. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

7. A hearing (the "Settlement Hearing") shall be held before this Court on ___________, 2022, at ___ __.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.16 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Lead Plaintiff; (e) the Class Members' objections to the Settlement, Plan of Allocation or

application for fees and expenses; and (f) to rule upon such other matters as the Court may deem appropriate.

8. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

9. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶11 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

10. All fees, costs, and expenses incurred in identifying and notifying Class Members shall be paid from the Net Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses. Notwithstanding the foregoing, Airbus shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator (defined below) pertinent transfer records for purposes of mailing notice to the Class.

11. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than seven (7) calendar days after entry by this Court of this Order (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.AirbusSecuritiesSettlement.com;

(b) Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(c) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

12. Nominees who purchased or acquired Airbus Securities during the Class Period for the beneficial ownership of Class Members shall send the Notice and the Proof of Claim to all such beneficial owners of Airbus Securities within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of

receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

13. All Members of the Class who do not request exclusion from the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

14. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead

Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

15. Any Member of the Class who does not request exclusion from the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

16. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than ________, 2022 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). A Request for Exclusion must state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the number of shares and date of each purchase or acquisition of Airbus Securities and the price paid for any purchase or acquisition of Airbus Securities between February 24, 2016 and July 30, 2020, inclusive; and (iii) that the Person wishes to be excluded from the Class in *Kornecki v. Airbus SE, et al.*, Case No. 2:20-cv-10084-KM-JBC (D.N.J.). All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement

Fund, and shall not be bound by the Settlement or any final judgment. Unless otherwise ordered by the Court, any Person falling within the definition of the Class who fails to timely request exclusion from the Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Class, and shall be barred from requesting exclusion from the Class in this or any other proceeding and shall be bound by the Stipulation.

17. Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

18. Any Member of the Class may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before ________, 2022 (a

date that is twenty-one (21) calendar days prior to the Settlement Hearing), by Robbins Geller Rudman & Dowd LLP, Brian O. O'Mara, 655 West Broadway, Suite 1900, San Diego, CA 92101; Paul Hastings LLP, D. Scott Carlton, 515 S. Flower Street, 25th Floor, Los Angeles, CA 90071, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102, on or before ________, 2022 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). Any Member of the Class who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of Lead Plaintiff, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Lead Counsel are required to indicate in their written objection their intention to appear at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

19. Any objections, filings, and other submissions by the objecting Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and sales of Airbus Securities during the Class Period, including the dates, the number of shares of Airbus Securities purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale.

20. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served by _________, 2022 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing). Replies to any objections shall be filed and served by _____________, 2022 (a date that is seven (7) calendar days prior to the Settlement Hearing).

22. Neither the Defendants and their Related Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or expenses of Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

24. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.8 or 2.9 of the Stipulation.

25. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

26. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

27. If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

28. Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties. Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiff nor any Class Member, directly or indirectly, representatively, or in any

other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED: _____________ ______________________________________________
THE HONORABLE KEVIN McNULTY
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Liaison Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW J. KORNECKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AIRBUS SE, et al.,<br><br>Defendants. | No. 2:20-cv-10084-KM-JBC<br><br>CLASS ACTION<br><br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-1 |

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED AIRBUS SE ("AIRBUS" OR THE "COMPANY") SECURITIES IN THE UNITED STATES AS ADRS OR FOREIGN ORDINARIES UNDER THE TICKER SYMBOLS "EADSY" AND "EADSF" DURING THE PERIOD BETWEEN FEBRUARY 24, 2016 THROUGH AND INCLUDING JULY 30, 2020, AND WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE ___________, 2022**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Lead Plaintiff Operating Engineers Construction Industry and Miscellaneous Pension Fund and defendants Airbus, Guillaume M.J.D. Faury, Tom Enders, Dominik Asam, and Harald Wilhelm ("Defendants") and the proposed $5,000,000 settlement reached therein (the "Settlement"), and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses. This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT |
|---|

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Amended Stipulation of Settlement dated June 7, 2022 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.AirbusSecuritiesSettlement.com.

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before ________, 2022**. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement. **Exclusions must be postmarked on or before _________, 2022**. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before ________, 2022**. |
| **GO TO THE HEARING ON ___________, 2022** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before __________, 2022**. |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

### Statement of Settlement Class Recovery

Pursuant to the Settlement described herein, a $5 million Settlement Fund has been established. Based on Lead Plaintiff's estimate of the number of shares of Airbus Securities damaged during the Class Period, the average distribution per share under the Plan of Allocation is approximately $0.40 for each foreign ordinary shares ("EADSF") and $0.11 for each ADR ("EADSY") before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages. The issues on which the Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Airbus Securities was allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the price of Airbus Securities was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of Airbus Securities at various times during the Class Period; (6) the extent to which external factors influenced the price of Airbus Securities at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the price of Airbus Securities at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the price of Airbus Securities at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the action's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and has advanced the expenses of the Litigation in the expectation that if it was successful in obtaining a recovery for the Settlement Class it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount, plus expenses not to exceed $200,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per share is approximately $0.13 for each foreign ordinary share ("EADSF") and $0.04 for each ADR ("EADSY"). In addition, Lead Plaintiff may seek payment for its time and expenses incurred in representing the Settlement Class.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-888-876-0766, or visit the website www.AirbusSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

### 1. Why did I get this Notice package?

This Notice was sent to you pursuant to an Order of a U.S. Federal Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Airbus Securities during the period from February 24, 2016, through and including July 30, 2020 ("Settlement Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of New Jersey, and the case is known as *Kornecki v. Airbus SE, et al.*, Case No. 2:20-cv-10084-KM-JBC (D.N.J.). The case has been assigned to the Honorable Kevin McNulty. The entity representing the Settlement Class is the

"Lead Plaintiff," and the company and individuals it sued and who have now settled are called the Defendants.

## 2. What is this lawsuit about?

On August 6, 2020, a putative class action was filed in the United States District Court for the District of New Jersey alleging violations of federal securities laws. The Court has appointed the law firm of Robbins Geller Rudman & Dowd LLP as Lead Counsel. Operating Engineers Construction Industry and Miscellaneous Pension Fund is the Court-appointed Lead Plaintiff.

The Class Action Complaint (the "Complaint") filed in the Litigation alleged violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934. The Complaint asserted that Defendants made material misstatements and omissions regarding, among other things: (i) the sufficiency of Airbus's policies and protocols to ensure compliance with relevant anti-corruption laws and regulations; (ii) Airbus's involvement in a bribery and corruption scheme to enhance its commercial aircraft, helicopter, and defense business; (iii) Airbus's earnings derived in part from alleged unlawful conduct and the sustainability of such earnings; and (iv) whether and to what extent the resolution of government investigations and enforcement actions would foreseeably cost Airbus substantial settlements and legal fees and subject the Company to significant continuing government oversight.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Litigation. Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

## 3. Why is there a settlement?

The Court has not decided in favor of Defendants or of the Lead Plaintiff. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

### 4. How do I know if I am a Member of the Class?

The Court directed that everyone who fits this description is a Settlement Class Member: ***all Persons who purchased or otherwise acquired Airbus Securities in the United States as Airbus Securities under the ticker symbols "EADSY" and "EADSF" during the period between February 24, 2016 through and including July 30, 2020***, and were allegedly damaged thereby, except those Persons and entities that are excluded.

Excluded from the Settlement Class are: (i) Defendants, (ii) the current and Class Period officers and directors of the Company, (iii) members of the immediate families of the Individual Defendants, and (iv) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before __________, 2022.

### 5. What if I am still not sure if l am included?

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-876-0766, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. What does the Settlement provide?

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Airbus has agreed to pay (or cause to be paid) $5 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

### 7. How much will my payment be?

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proof of Claim forms that Class Members send in, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM FORM

### 8. How can I get a payment?

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.AirbusSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than ____________, 2022**. The Proof of Claim form may be submitted online at www.AirbusSecuritiesSettlement.com.

### 9. When would I get my payment?

**The Court will hold a Settlement Hearing on __________, 2022, at ______.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

## 10. What am I giving up to get a payment or to stay in the Settlement Class?

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Parties" (as defined below):

- "Released Claims" means all claims, rights, liabilities, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), rights, demands, liabilities or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), to the fullest extent that the law permits their release in this Litigation, by or on behalf of Lead Plaintiff or any other Class Members against any of the Released Parties that have been alleged or could have been alleged in this Litigation (or in any forum or proceeding or otherwise), whether based on federal, state, local, statutory, or common or foreign law, or any other law, rule, or regulation, whether known claims or Unknown Claims, whether class, representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, that are based on, relate to, or arise out of both (i) the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that have been or could have been alleged or asserted in the Litigation, and (ii) Lead Plaintiff's or any other Class Member's purchase of Airbus Securities in the United States during the Class Period. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

- "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal,

state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Plaintiff's Counsel and Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation, except for claims relating to the enforcement of the Settlement. "Released Parties" means each and all of the Defendants, Defendants' Counsel and all of their respective Related Parties.

- "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

- "Unknown Claims" means collectively any Released Claims that Lead Plaintiff or any other Class Members does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement. "Unknown Claims" also means any Released Defendants' Claims that Defendants do not know or suspect to exist in their favor at the time of the release of the Released Plaintiff Parties, including Plaintiff's Counsel and Class Members, which if known by them, might have affected their settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Plaintiff Parties. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree

that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Parties, on your own, about the claims being released by the Settlement, then you must take steps to

remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

## 11. How do I get out of the Settlement Class and the proposed Settlement?

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Airbus Securities Settlement*." Your letter must include your purchases or acquisitions of Airbus Securities during the Class Period, including the dates, the number of Airbus Securities purchased or acquired, and price paid for each such purchase or acquisition. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than ____________, 2022** to:

*Airbus Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
150 Royall Street, Suite 101
Canton, MA 02021

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Parties about the Released Claims in the future.

## 12. If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Parties for any and all Released Claims. If you have a pending lawsuit against the Released Parties speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is ___________, 2022.

### 13. If I exclude myself, can I get money from the proposed Settlement?

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Parties.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How will the lawyers be paid?

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount and for expenses in an amount not to exceed $200,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiff may seek up to $2,500 for its time and expenses incurred in representing the Settlement Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

### 16. How do I tell the Court that I object to the proposed Settlement?

If you are a Class Member, you can comment or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Airbus Securities Settlement*. Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of Airbus Securities you purchased, acquired, and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such

objection. Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. You must also include copies of documents demonstrating such purchase(s), acquisition(s), and/or sale(s). Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received*** **no later than ___________, 2022**:

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| CLERK OF THE COURT<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>Martin Luther King Building<br>& U.S. Courthouse<br>50 Walnut Street, Room 4015<br>Newark, NJ 07101 | Brian O. O'Mara<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101 | D. Scott Carlton<br>PAUL HASTINGS LLP<br>515 S. Flower Street<br>25th Floor<br>Los Angeles, CA 90071 |

### 17. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

### 18. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Settlement Hearing at **____ _.m., on __________, 2022**, in the Courtroom of the Honorable Kevin McNulty, at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101. At the hearing the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do

not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Lead Plaintiff. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.AirbusSecuritiesSettlement.com beforehand to be sure that the date and/or time has not changed.

## 19. Do I have to come to the hearing?

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

## 20. May I speak at the hearing?

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Airbus Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received*** **no later than ____________, 2022**, and addressed to the Clerk of Court, Plaintiff's Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

### 21. What happens if I do nothing?

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

### 22. How do I get more information?

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-876-0766. Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Litigation, which are posted on the Settlement website at www.AirbusSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, New Jersey 07101, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Settlement Amount of $5 million and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Airbus Securities during the Class Period.

For purposes of formulating the Plan of Allocation and determining the amount an Authorized Claimant may recover under it, Lead Counsel has conferred with its damages consultant regarding the Plan of Allocation and it reflects an assessment of the damages that it believes could have been recovered by Class Members had Lead Plaintiff prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the Recognized Loss per share shall be $0.00.

A Recognized Loss, or "claim," will be calculated as follows:

1. **For shares of Airbus ADRs ("EADSY")** purchased or acquired in the United States from February 24, 2016, through July 30, 2020, inclusive, the claim per share shall be as follows:

(a) If sold from February 24, 2016, through July 30, 2020, inclusive, the Recognized Loss per share shall be the lesser of:

(i) the Inflation per share in Table A at the time of purchase less the Inflation per share in Table A at the time of sale; or

(ii) the difference between the purchase price per share and the sales price per share.

(b) If sold from July 31, 2020, through October 28, 2020, inclusive, the Recognized Loss per share shall be the least of:

(i) the Inflation per share in Table A at the time of purchase;

(ii) the difference between the purchase price per share and the sales price per share; or

(iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table B below.

(c) If retained at the close of trading on October 28, 2020, the Recognized Loss per share shall be the lesser of:

(i) the Inflation per share in Table A at the time of purchase; or

(ii) the difference between the purchase price per share and $19.82 per share (the 90-day average Airbus ADR closing price following the final corrective disclosure).

2. **For shares of Airbus foreign ordinary shares ("EADSF")** purchased or acquired in the United States from February 24, 2016, through July 30, 2020, inclusive, and:

(a) If sold from February 24, 2016, through July 30, 2020, inclusive, the Recognized Loss per share shall be the lesser of:

(i) the Inflation per share in Table C at the time of purchase less the Inflation per share in Table C at the time of sale; or

(ii) the difference between the purchase price per share and the sales price per share.

(b) Sold from July 31, 2020, through October 28, 2020, inclusive, the Recognized Loss per share shall be the least of:

(i) the Inflation per share in Table C at the time of purchase;

(ii) the difference between the purchase price per share and the sales price per share; or

(iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table D below.

(c) If retained at the close of trading on October 28, 2020, the Recognized Loss per share shall be the lesser of:

(i) the Inflation per share in Table C at the time of purchase; or

(ii) the difference between the purchase price per share and $79.35 per share (the 90-day average Airbus ordinary shares closing price following the final corrective disclosure).

**TABLE A:**

| Transaction Period | Inflation |
|---|---|
| February 24, 2016 through January 26, 2020 | $1.35 |
| January 27, 2020 through March 15, 2020 | $0.59 |
| March 16, 2020 through July 30, 2020 | $0.42 |

## TABLE B:

| Date | Closing Price | Average Closing Price from July 31, 2020 Through Sale Date |
|---|---|---|
| 7/31/2020 | $18.13 | $18.13 |
| 8/3/2020 | $18.63 | $18.38 |
| 8/4/2020 | $19.29 | $18.68 |
| 8/5/2020 | $20.13 | $19.05 |
| 8/6/2020 | $20.35 | $19.31 |
| 8/7/2020 | $20.33 | $19.48 |
| 8/10/2020 | $21.08 | $19.71 |
| 8/11/2020 | $21.80 | $19.97 |
| 8/12/2020 | $21.83 | $20.17 |
| 8/13/2020 | $21.45 | $20.30 |
| 8/14/2020 | $21.13 | $20.38 |
| 8/17/2020 | $21.07 | $20.44 |
| 8/18/2020 | $20.57 | $20.45 |
| 8/19/2020 | $20.59 | $20.46 |
| 8/20/2020 | $20.45 | $20.46 |
| 8/21/2020 | $20.25 | $20.44 |
| 8/24/2020 | $21.09 | $20.48 |
| 8/25/2020 | $21.18 | $20.52 |
| 8/26/2020 | $20.82 | $20.54 |
| 8/27/2020 | $21.13 | $20.56 |
| 8/28/2020 | $21.23 | $20.60 |
| 8/31/2020 | $20.59 | $20.60 |
| 9/1/2020 | $20.56 | $20.59 |
| 9/2/2020 | $21.51 | $20.63 |
| 9/3/2020 | $20.91 | $20.64 |
| 9/4/2020 | $20.92 | $20.65 |
| 9/8/2020 | $20.70 | $20.66 |
| 9/9/2020 | $20.46 | $20.65 |
| 9/10/2020 | $20.28 | $20.64 |
| 9/11/2020 | $20.33 | $20.63 |
| 9/14/2020 | $20.93 | $20.64 |
| 9/15/2020 | $20.50 | $20.63 |

| Date | Closing Price | Average Closing Price from July 31, 2020 Through Sale Date |
|---|---|---|
| 9/16/2020 | $20.65 | $20.63 |
| 9/17/2020 | $21.00 | $20.64 |
| 9/18/2020 | $20.21 | $20.63 |
| 9/21/2020 | $18.91 | $20.58 |
| 9/22/2020 | $18.45 | $20.53 |
| 9/23/2020 | $17.78 | $20.45 |
| 9/24/2020 | $17.45 | $20.38 |
| 9/25/2020 | $17.54 | $20.31 |
| 9/28/2020 | $18.06 | $20.25 |
| 9/29/2020 | $18.28 | $20.20 |
| 9/30/2020 | $18.13 | $20.16 |
| 10/1/2020 | $18.96 | $20.13 |
| 10/2/2020 | $18.92 | $20.10 |
| 10/5/2020 | $19.36 | $20.09 |
| 10/6/2020 | $19.54 | $20.07 |
| 10/7/2020 | $19.62 | $20.06 |
| 10/8/2020 | $19.66 | $20.06 |
| 10/9/2020 | $19.61 | $20.05 |
| 10/12/2020 | $19.50 | $20.04 |
| 10/13/2020 | $18.61 | $20.01 |
| 10/14/2020 | $18.06 | $19.97 |
| 10/15/2020 | $18.23 | $19.94 |
| 10/16/2020 | $18.68 | $19.92 |
| 10/19/2020 | $19.10 | $19.90 |
| 10/20/2020 | $19.80 | $19.90 |
| 10/21/2020 | $18.89 | $19.88 |
| 10/22/2020 | $19.31 | $19.87 |
| 10/23/2020 | $20.08 | $19.88 |
| 10/26/2020 | $19.35 | $19.87 |
| 10/27/2020 | $18.64 | $19.85 |
| 10/28/2020 | $17.88 | $19.82 |

## TABLE C:

| Transaction Period | Inflation |
|---|---|
| February 24, 2016 through January 26, 2020 | $5.40 |
| January 27, 2020 through March 15, 2020 | $2.36 |
| March 16, 2020 through July 30, 2020 | $1.68 |

**TABLE D:**

| Date | Closing Price | Average Closing Price from July 31, 2020 Through Sale Date |
|---|---|---|
| 7/31/2020 | $72.10 | $72.10 |
| 8/3/2020 | $75.00 | $73.55 |
| 8/4/2020 | $76.49 | $74.53 |
| 8/5/2020 | $80.33 | $75.98 |
| 8/6/2020 | $81.53 | $77.09 |
| 8/7/2020 | $82.08 | $77.92 |
| 8/10/2020 | $84.15 | $78.81 |
| 8/11/2020 | $87.90 | $79.95 |
| 8/12/2020 | $87.21 | $80.75 |
| 8/13/2020 | $85.90 | $81.27 |
| 8/14/2020 | $85.00 | $81.61 |
| 8/17/2020 | $84.15 | $81.82 |
| 8/18/2020 | $82.50 | $81.87 |
| 8/19/2020 | $83.33 | $81.98 |
| 8/20/2020 | $83.57 | $82.08 |
| 8/21/2020 | $80.70 | $82.00 |
| 8/24/2020 | $84.32 | $82.13 |
| 8/25/2020 | $85.70 | $82.33 |
| 8/26/2020 | $82.55 | $82.34 |
| 8/27/2020 | $84.10 | $82.43 |
| 8/28/2020 | $84.22 | $82.52 |
| 8/31/2020 | $82.92 | $82.53 |
| 9/1/2020 | $81.90 | $82.51 |
| 9/2/2020 | $85.11 | $82.61 |
| 9/3/2020 | $83.58 | $82.65 |
| 9/4/2020 | $82.03 | $82.63 |
| 9/8/2020 | $83.15 | $82.65 |
| 9/9/2020 | $81.10 | $82.59 |
| 9/10/2020 | $81.59 | $82.56 |
| 9/11/2020 | $80.25 | $82.48 |
| 9/14/2020 | $83.44 | $82.51 |
| 9/15/2020 | $81.42 | $82.48 |
| 9/16/2020 | $84.66 | $82.54 |
| 9/17/2020 | $83.20 | $82.56 |
| 9/18/2020 | $82.08 | $82.55 |
| 9/21/2020 | $76.00 | $82.37 |
| 9/22/2020 | $73.91 | $82.14 |
| 9/23/2020 | $70.30 | $81.83 |
| 9/24/2020 | $69.31 | $81.51 |
| 9/25/2020 | $70.04 | $81.22 |
| 9/28/2020 | $73.01 | $81.02 |
| 9/29/2020 | $72.47 | $80.82 |
| 9/30/2020 | $71.84 | $80.61 |
| 10/1/2020 | $75.24 | $80.49 |
| 10/2/2020 | $75.09 | $80.37 |
| 10/5/2020 | $78.12 | $80.32 |
| 10/6/2020 | $78.01 | $80.27 |
| 10/7/2020 | $79.23 | $80.25 |
| 10/8/2020 | $79.06 | $80.22 |
| 10/9/2020 | $79.44 | $80.21 |
| 10/12/2020 | $77.25 | $80.15 |
| 10/13/2020 | $74.01 | $80.03 |
| 10/14/2020 | $73.00 | $79.90 |
| 10/15/2020 | $72.87 | $79.77 |
| 10/16/2020 | $75.00 | $79.68 |
| 10/19/2020 | $77.00 | $79.63 |
| 10/20/2020 | $80.35 | $79.65 |
| 10/21/2020 | $76.77 | $79.60 |
| 10/22/2020 | $77.35 | $79.56 |
| 10/23/2020 | $80.00 | $79.57 |
| 10/26/2020 | $76.98 | $79.52 |
| 10/27/2020 | $76.25 | $79.47 |
| 10/28/2020 | $71.78 | $79.35 |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Airbus Securities at the beginning of the Class Period or made multiple purchases, acquisitions, or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Airbus Securities during the Class Period will be matched, in chronological order, first against shares of Airbus Securities held at the beginning of the Class Period. The remaining Airbus Securities sales during the Class Period will then be matched, in chronological order, against ADRs purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Airbus Securities described above during the Class Period are subtracted from all losses. However, the proceeds from Airbus Securities sales that have been matched against the Airbus Securities held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Airbus Securities during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to

reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Airbus Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040
www.AirbusSecuritiesSettlement.com

DATED: ____________

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

# EXHIBIT A-2

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Liaison Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW J. KORNECKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AIRBUS SE, et al.,<br><br>Defendants. | No. 2:20-cv-10084-KM-JBC<br><br><u>CLASS ACTION</u><br><br>PROOF OF CLAIM AND RELEASE<br><br>EXHIBIT A-2 |

## I. GENERAL INSTRUCTIONS

1. To recover as a Member of the Class based on your claims in the action entitled *Kornecki v. Airbus SE, et al.*, No. 2:20-cv-10084-KM-JBC (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release form ("Proof of Claim").[1] If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Litigation.

2. Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3. YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, ON OR BEFORE ___________, 2022, ADDRESSED AS FOLLOWS:

*Airbus Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Online Submissions: www.AirbusSecuritiesSettlement.com

---

[1] This Proof of Claim incorporates by reference the definitions in the Amended Stipulation and Agreement of Settlement dated June 7, 2022 ("Stipulation"), which can be obtained at www.AirbusSecuritiesSettlement.com.

If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), or if you have submitted a request for exclusion, DO NOT submit a Proof of Claim.

4. If you are a Member of the Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5. It is important that you completely read and understand the Notice that accompanied this Proof of Claim, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim. By signing and submitting this Proof of Claim, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described and provided herein.

6. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

## II. DEFINITIONS

1. "Airbus" means Airbus SE.

2. "Defendants" means Airbus, Guillaume M.J.D. Faury, Tom Enders, Dominik Asam, and Harald Wilhelm.

3. "Released Parties" means each and all of the Defendants, and each and all of their respective Related Parties.

4. "Securities" or "Airbus Securities" means the Company's ADRs that traded in the United States on the over-the-counter market ("OTC") under the ticker symbol "EADSY," and the Company's foreign ordinaries that traded in the U.S. on the OTC market under the ticker symbol "EADSF."

## III. CLAIMANT IDENTIFICATION

1. If you purchased or acquired Airbus Securities in the United States and held the certificate(s) in your name, you are the beneficial owner as well as the record holder. If, however, the certificate(s) were registered in the name of a third party, such as a brokerage firm or other nominee, you are the beneficial owner and the third party is the record holder.

2. You are a Class Member if you purchased or acquired Airbus Securities in the United States from February 24, 2016 through July 30, 2020, inclusive, and were damaged thereby. Excluded from the Class are: (i) Defendants, (ii) the current and Class Period officers and directors of the Company, (iii) members of the

immediate families of the Individual Defendants, and (iv) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

3. Use Part I of this form entitled "Claimant Identification" to identify each holder of record ("nominee"), if different from the beneficial owner of such Airbus common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR A PERSON AUTHORIZED TO ACT ON BEHALF OF SUCH OWNER(S), OF SUCH AIRBUS SECURITIES UPON WHICH THIS CLAIM IS BASED. Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim by joint owners should not include the transactions of just one of the joint owners, and an individual should not submit one claim that combines his or her IRA transactions with transactions made solely in the individual's name). Conversely, a combined Proof of Claim should be submitted on behalf of each legal entity (including an individual) that includes all transactions made by the entity, no matter how many separate accounts that entity has (for example, a corporation/individual with multiple brokerage accounts should include all transactions made in Airbus Securities during

the Class Period on one Proof of Claim, no matter in how many accounts the transactions were made).

4. All joint owners (or a Person authorized to act on the owner's behalf) must sign this claim. Executors, administrators, guardians, conservators, trustees, or others authorized to act on behalf of a beneficial owner, must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV. CLAIM FORM

1. Use Part II of this form entitled "Schedule of Transactions in Airbus Securities Traded in the United States" to supply all required details of your transaction(s) in Airbus Securities in the United States. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to ***all*** of your purchases and acquisitions and ***all*** of your sales of Airbus Securities that took place at any time between February 24, 2016 through October 28, 2020,

inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to ***all*** of the shares of Airbus Securities you held at the close of trading on February 23, 2016, July 30, 2020, and October 28, 2020. Failure to report all such transactions may result in the rejection of your claim.

3. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4. The date of covering a "short sale" is deemed to be the date of purchase of Airbus Securities. The date of a "short sale" is deemed to be the date of the sale of Airbus Securities. A purchase or sale of Airbus Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide any "contract" or "trade" dates in your claim.

5. Broker confirmations or other documentation of your transactions in Airbus Securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

6. The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate

your losses. In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the claimant's cost.

7. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims processing will take substantial time to complete fully and fairly. Please be patient.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.AirbusSecuritiesSettlement.com. All claimants MUST submit a manually signed paper Proof of Claim whether or not

they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be considered to have been submitted unless the Claims Administrator issues an email to that effect. Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at edata@gilardi.com to inquire about your file and confirm it was received.

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

*Kornecki v. Airbus SE, et al.*

No. 2:20-cv-10084

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

___________, 2022

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN AIRBUS SECURITIES. FAILURE TO PROVIDE THIS DOCUMENTATION COULD**

**DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

PART I. CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

________________________________________________
Street Address

| | | |
|---|---|---|
| City | State | Zip Code |
| Foreign Province | Foreign Country | |
| | ________________ | Individual |
| Social Security Number or Taxpayer Identification Number | ________________ | Corporation/Other |
| Area Code | Telephone Number | (work) |
| Area Code | Telephone Number | (home) |

Record Holder's Name (if different from beneficial owner listed above)

PART II. SCHEDULE OF TRANSACTIONS IN AIRBUS SECURITIES TRADED IN THE UNITED STATES

**Transactions in Airbus Foreign Ordinaries ("EADSF") traded in the United States**

A. Number of shares of Airbus foreign ordinaries ("EADSF") held at the close of trading on February 23, 2016: ____________

B. Purchases or acquisitions of Airbus foreign ordinaries ("EADSF") (February 24, 2016-October 28, 2020, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase Price |
| --- | --- | --- |
| 1.____________ | 1.____________ | 1.____________ |
| 2.____________ | 2.____________ | 2.____________ |
| 3.____________ | 3.____________ | 3.____________ |

IMPORTANT:

(i) If any purchase listed covered a “short sale,” please mark Yes:

☐ Yes

C. Sales of Airbus foreign ordinaries (“EADSF”) (February 24, 2016-October 28, 2020, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
| --- | --- | --- |
| 1.____________ | 1.____________ | 1.____________ |
| 2.____________ | 2.____________ | 2.____________ |
| 3.____________ | 3.____________ | 3.____________ |

D. Number of shares of Airbus foreign ordinaries (“EADSF”) held at the close of trading on July 30, 2020: ____________

E. Number of shares of Airbus foreign ordinaries (“EADSF”) held at the close of trading on October 28, 2020: ____________

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**Transactions in Airbus ADRs (“EADSY”) traded in the United States**

A. Number of shares of Airbus ADRs (“EADSY”) held at the close of trading on February 23, 2016: ____________

B. Purchases or acquisitions of Airbus ADRs (“EADSY”) (February 24, 2016-October 28, 2020, inclusive):

| Trade Date<br>Month Day Year | Number of Shares<br>Purchased or Acquired | Total<br>Purchase Price |
|---|---|---|
| 1.____________________ | 1.____________________ | 1.____________________ |
| 2.____________________ | 2.____________________ | 2.____________________ |
| 3.____________________ | 3.____________________ | 3.____________________ |

IMPORTANT:

(i) If any purchase listed covered a "short sale," please mark Yes:

☐ Yes

C. Sales of Airbus ADRs ("EADSY") (February 24, 2016-October 28, 2020, inclusive):

| Trade Date<br>Month Day Year | Number of<br>Shares Sold | Total<br>Sales Price |
|---|---|---|
| 1.____________________ | 1.____________________ | 1.____________________ |
| 2.____________________ | 2.____________________ | 2.____________________ |
| 3.____________________ | 3.____________________ | 3.____________________ |

D. Number of shares of Airbus ADRs ("EADSY") held at the close of trading on July 30, 2020: ___________

E. Number of shares of Airbus ADRs ("EADSY") held at the close of trading on October 28, 2020: ___________

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

## V. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation, described in the Notice. I (We) also submit to the jurisdiction of the United States District

Court for the District of New Jersey, with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or acquisitions of Airbus Securities during the Class Period and know of no other Person having done so on my (our) behalf.

## VI. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge, all of the Released Claims against each and all of the Defendants and each and all of their respective "Related Parties." The term "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a

Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

2. "Released Claims" means all claims, rights, liabilities, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), rights, demands, liabilities or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), to the fullest extent that the law permits their release in this Litigation, by or on behalf of Lead Plaintiff or any other Class Members against any of the Released Parties that have been alleged or could have been alleged in this Litigation (or in any forum or proceeding or otherwise), whether based on federal, state, local, statutory, or common or foreign law, or any other law, rule, or regulation, whether known claims or Unknown Claims, whether class, representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, that are based on, relate to, or arise out of both (i) the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that

have been or could have been alleged or asserted in the Litigation, and (ii) Lead Plaintiff's or any other Class Member's purchase of Airbus Securities in the United States during the Class Period. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

3. "Unknown Claims" means collectively any Released Claims that Lead Plaintiff or any other Class Members does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement. "Unknown Claims" also means any Released Defendants' Claims that Defendants do not know or suspect to exist in their favor at the time of the release of the Released Plaintiff Parties, including Plaintiff's Counsel and Class Members, which if known by them, might have affected their settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Plaintiff Parties. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the Released Claims) and the Defendants (as regards the

Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a

breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

4. This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Airbus Securities that occurred during the Class Period as well as the number of shares of Airbus Securities held by me (us) at the close of trading on February 23, 2016, July 30, 2020, and October 28, 2020.

7. I (We) hereby warrant and represent that the transactions listed above are in Airbus Securities that traded in the United States.

8. I (We) hereby warrant and represent that I am (we are) not excluded from the Class, as defined in the Notice.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this ___________ day of ______________________
(Month/Year)

in ________________________________, ________________________________
(City) (State/Country)

(Sign your name here)

(Type or print your name here)

(Capacity of person(s) signing, *e.g.*, Beneficial Owner, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE

**Reminder Checklist:**

1. Please sign the above release and acknowledgment.
2. Remember to attach supporting documentation, if available.
3. Do not send original stock certificates.
4. Keep a copy of your claim form for your records.
5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
6. If you move, please send us your new address.

# EXHIBIT A-3

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Liaison Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW J. KORNECKI, Individually and on Behalf of All Others Similarly Situated, | No. 2:20-cv-10084-KM-JBC |
| Plaintiff, | CLASS ACTION |
| vs. | SUMMARY NOTICE |
| AIRBUS SE, et al., | EXHIBIT A-3 |
| Defendants. | |

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED AIRBUS SE ("AIRBUS" OR THE "COMPANY") SECURITIES IN THE UNITED STATES AS AMERICAN DEPOSITORY RECEIPTS ("ADR") OR FOREIGN ORDINARIES UNDER THE TICKER SYMBOLS "EADSY" AND "EADSF," RESPECTIVELY, DURING THE PERIOD BETWEEN FEBRUARY 24, 2016 THROUGH AND INCLUDING JULY 30, 2020, AND WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of New Jersey, that a hearing will be held on _______, 2022, at _______, before the Honorable Kevin McNulty, United States District Judge, at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102, for the purpose of determining: (1) whether the proposed Settlement of the claims in the Litigation for the principal amount of $5 million, plus interest, should be approved by the Court as fair, reasonable, and adequate; (2) whether a Class should be certified for purposes of settlement; (3) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice; (4) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (5) whether the application of Lead Counsel for the payment of attorneys' fees and expenses and Lead Plaintiff's expenses in connection with this Litigation should be approved.

IF YOU PURCHASED OR OTHERWISE ACQUIRED ANY AIRBUS ADRS OR FOREIGN ORDINARIES IN THE UNITED STATES DURING THE

PERIOD FROM FEBRUARY 24, 2016 THROUGH AND INCLUDING JULY 30, 2020, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION. Airbus ADRs trade in the U.S. on the over-the-counter market (the "OTC") under the ticker symbol "EADSY," and Airbus foreign ordinaries trade in the U.S. on the OTC market under the ticker symbol "EADSF." Excluded from the Settlement Class are: (i) Defendants, (ii) the current and Class Period officers and directors of the Company, (iii) members of the immediate families of the Individual Defendants, and (iv) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Airbus Securities Settlement*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or on the internet at www.AirbusSecuritiesSettlement.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail or online ***no later than _______, 2022***, establishing that you are entitled to a recovery. If you request to be excluded from the Class, you must submit

a request for exclusion postmarked by _______, 2022, in the form and manner explained in the detailed Notice. You will be bound by any judgment entered in the Litigation unless you request to be excluded, in writing, to *Airbus Securities Settlement*, Claims Administrator, c/o Gilardi & Co. LLC, EXCLUSIONS, 150 Royall Street, Suite 101, Canton, MA 02021, **postmarked by __________, 2022**.

Any objection to the Settlement, the Plan of Allocation, and/or the fee and expense application must be ***received***, not simply postmarked, by each of the following recipients ***no later than _______, 2022***:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

*Lead Counsel:*

ROBBINS GELLER RUDMAN & DOWD LLP
BRIAN O. O'MARA
655 West Broadway, Suite 1900
San Diego, CA 92101

*Defendants' Counsel:*
PAUL HASTINGS LLP
D. SCOTT CARLTON
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above.

DATED: ____________________

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

# EXHIBIT B

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Liaison Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW J. KORNECKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AIRBUS SE, et al.,<br><br>Defendants. | No. 2:20-cv-10084-KM-JBC<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>EXHIBIT B |

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated __________, 2022, on the application of the parties for approval of the Settlement set forth in the Amended Stipulation and Agreement of Settlement dated June 7, 2022 (the "Stipulation").[1] Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for purposes of settlement only, a Class defined as: all Persons who purchased or otherwise acquired Airbus SE Airbus Securities in the United States as ADRs or

[1] Unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

foreign ordinaries under the ticker symbols "EADSY" and "EADSF" between February 24, 2016 through July 30, 2020, inclusive (the "Class Period"), and were allegedly damaged thereby. Excluded from the Class are: (i) Defendants, (ii) the current and Class Period officers and directors of the Company, (iii) members of the immediate families of the Individual Defendants, and (iv) the legal representatives, heirs, successors-in-interest, or assigns of any excluded person or entity, and any entity in which such excluded persons have or had a controlling interest.

4. Also excluded from the Class is any Class Member that validly and timely requested exclusion in accordance with the requirements set by the Court.

5. The Court finds that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Class are impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the Members of the Class; (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum;

and (iv) the difficulties likely to be encountered in the management of the class action.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) in light of the benefits to the Class and the complexity and expense of further litigation, said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the relief provided for the Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing the Class Members' claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(e) the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(f) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

7. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice as to the Lead Plaintiff, and other Class Members, and as against each and all of the Released Parties. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, dismissed, and discharged all Released Claims against the Released Parties (including Unknown Claims), whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

9. Upon the Effective Date, and as provided in the Stipulation, all Class Members and anyone claiming through or on behalf of any of them, will be forever

barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum asserting any of the Released Claims against any of the Released Parties.

10. Upon the Effective Date, and as provided in the Stipulation, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, dismissed, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, each and all of the Class Members, and Plaintiff's Counsel. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

11. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual Notice to all Class Members who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Stipulation,

including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all Members of the Class are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

12. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding related to the Plan of Allocation or any order entered regarding any attorneys' fees and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Action.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties; or (b) is, or may be

deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Settlement.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order, including an order related to class certification. All orders entered and releases delivered in connection herewith shall be null and void and treated as vacated, *nunc pro tunc*, to the extent provided by and in accordance with the terms of the Stipulation and, the Settling Parties shall revert to their respective positions in the Litigation as of March 15, 2022.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: ______________ ______________________________

THE HONORABLE KEVIN McNULTY
UNITED STATES DISTRICT JUDGE