CARELLA, BYRNE, CECCHI, OLSTEIN,
   BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Liaison Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW J. KORNECKI, Individually and on Behalf of All Others Similarly Situated,<br><br>                           Plaintiff,<br><br>        vs.<br><br>AIRBUS SE, et al.,<br><br>                           Defendants. | No. 2:20-cv-10084-KM-JBC<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

This matter having come before the Court on September 30, 2022, on Lead Counsel's application for an award of attorneys' fees and expenses (the "Fee Application") in the above-captioned action (the "Action"), and the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Order incorporates by reference the definitions in the Amended Stipulation and Agreement of Settlement dated June 7, 2022 (the "Stipulation") (ECF 67-1), and all capitalized terms used in this Order, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2.    This Court has jurisdiction over the subject matter of this Order, the Fee Application, and all matters relating thereto, including Class Members.

3.    Notice of Lead Counsel's Fee Application was given to all Class Members who could be located with reasonable effort.  The form and method of notifying the Class of the Fee Application met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, the United States Constitution (including the Due Process clause), and all other applicable law and rules, constituted the best notice practicable under the circumstances, and

- 1 -

constituted due, adequate, and sufficient notice to all persons and entities entitled thereto.

4.      The Court hereby awards Lead Counsel attorneys' fees of 30% of the Settlement Amount, plus expenses in the amount of $67,215.79, together with interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

5.      The awarded attorneys' fees and expenses shall be paid to Lead Counsel subject to the terms, conditions, and obligations of the Stipulation, and in particular ¶7.2 thereof, which terms, conditions, and obligations are incorporated herein.

6.      In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a)      the Settlement has created a fund of $5,000,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b)      over 216,700 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an

- 2 -

amount not to exceed 30% of the Settlement Amount, plus interest, and for expenses in an amount not to exceed $200,000, plus interest;

(c)    Lead Counsel has pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)    Plaintiff's Counsel have expended substantial time and effort (a total of 950 hours) pursuing the Action on behalf of the Class;

(e)    Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

(f)    the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)    had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h)    public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(i)    the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Third Circuit.

7.     Any appeal or any challenge affecting this Court's approval regarding the Fee Application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.     Pursuant to 15 U.S.C. §78u-4(a)(4), Lead Plaintiff Operating Engineers Construction Industry and Miscellaneous Pension Fund is awarded $2,500 for its representation of the Class during the Action.

9.     In the event that the Settlement is terminated or the Judgment approving the Settlement does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

10.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

_____
THE HONORABLE KEVIN McNULTY
UNITED STATES DISTRICT JUDGE

- 4 -