CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Liaison Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW J. KORNECKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AIRBUS SE, et al.,<br><br>Defendants. | No. 2:20-cv-10084-KM-JBC<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER APPROVING PLAN OF ALLOCATION |

This matter having come before the Court on September 30, 2022, on Lead Plaintiff's motion for approval of the proposed plan of allocation of the Net Settlement Fund ("Plan of Allocation") in the above-captioned action (the "Action"), and the Court having considered all papers filed and proceedings had herein, having found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Amended Stipulation and Agreement of Settlement dated June 7, 2022 (the "Stipulation") (ECF 67-1), and all capitalized terms used in this Order, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of this Order, Lead Plaintiff's motion for approval of the Plan of Allocation, and all matters relating thereto, including all Class Members.

3. Notice of Lead Plaintiff's motion for approval of the Plan of Allocation was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for approval of the Plan of Allocation met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, the United States Constitution

(including the Due Process clause), and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due, adequate, and sufficient notice to all persons and entities entitled thereto.

4.      Over 216,700 copies of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), which included the Plan of Allocation, were mailed to potential Class Members and nominees, and there were no objections to the Plan of Allocation.

5.      The Court finds and concludes that the formula for the calculation of the claims of Authorized Claimants under the Plan of Allocation, which is set forth in the Notice sent to Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among the Class Members, with due consideration having been given to administrative convenience and necessity.

6.      This Court finds and concludes that the Plan of Allocation, as set forth in the Notice, is, in all respects, fair and reasonable, and the Court approves the Plan of Allocation.

7.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: 9-30-22

THE HONORABLE KEVIN McNULTY
UNITED STATES DISTRICT JUDGE

- 3 -